Judgment rendered May 20, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,454-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MARY MCCOY SANDERS                    Plaintiff-Appellant

versus

ERIC DWAIN SANDERS                    Defendant-Appellee

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of West Carroll, Louisiana
Trial Court No. 30,001

Honorable Stephen G. Dean, Judge

* * * * *

S. DOUGLAS BUSARI & ASSOCIATES, LLC    Counsel for Appellant
By: S. Douglas Busari

CAMPBELL HOUSE & COMPANY               Counsel for Appellee
By: Wade L. House

* * * * *

Before WILLIAMS, MOORE, and THOMPSON, JJ.

**THOMPSON, J.**

This reimbursement claim arises from a community property dispute which originates in the Fifth Judicial District Court, West Carroll Parish, Louisiana. The Plaintiff wife appeals the trial court's judgment denying her reimbursement claim for the alleged use of community funds to enhance the value of the separate property of her former husband and for her uncompensated labor in the construction of the residence on that property. For the following reasons, we reverse and remand.

## FACTS

Mary McCoy Sanders ("Mary") and Eric Dwain Sanders ("Eric") were divorced on December 12, 2013, and a petition to partition community property was filed by Mary on February 5, 2014. The partition matter was referred to a hearing officer by the district court. On July 6, 2018, a hearing officer report, focused only on the matrimonial residence, addressed part of the community property partition request. The hearing officer determined Mary was entitled to reimbursement in some yet undetermined amount based on the facts that when the house burned the insurance proceeds were issued to both Eric and Mary, and that Mary contributed her labor and efforts and possibly additional community funds to rebuild the home. The hearing officer further recommended the property be appraised, at Mary's expense, to help determine the value of Mary's efforts and to quantify her reimbursement claim.

On July 10, 2018, Mary filed an objection to the recommendations of the hearing officer. She stated that the recommendation is contrary to law and evidence, and it is not supported by the facts presented. Additionally,

she objected to the fact that the hearing officer only addressed the house in the report and no other items of community property listed in the detailed descriptive lists. On July 11, 2018, Eric also filed an objection to the recommendations of the hearing officer. He objected to the order of appraisal on the house.

After a pretrial conference on December 10, 2019, on the objections to the hearing officer's recommendation, the district court ordered memoranda and a reply memorandum be filed within certain deadlines, after which the district court would then take the matter under advisement. There was no evidence or testimony presented at the December 10, 2018 hearing or included in the subsequent memoranda. The parties timely filed their respective memos and on August 12, 2019, the district court issued a judgment with reasons. The district court rejected the hearing officer's recommendations and instead held:

1) Plaintiff has failed to prove that any community funds were used in the acquisition, use, improvement, or benefit of the subject separate property of the defendant;

2) Plaintiff has failed to prove that this subject separate property of the defendant has increased in value as a result of the undercompensated or uncompensated labor or industry of the plaintiff during the existence of the matrimonial regime; and

3) No appraisal need be performed on the subject separate property, as a result of the findings above.

On January 27, 2020, Mary filed the instant appeal.

## STANDARD OF REVIEW

Whether the property at issue in a divorce proceeding is community or separate property is a factual issue, which is subject to the manifest error standard of review. *Boone v. Boone*, 39,544 (La. App. 2 Cir. 04/06/05), 899 So. 2d 823.

2

In her appeal, Mary asserts two assignments of error:

1. **The trial court erred in ruling that plaintiff is due no reimbursement when community funds and plaintiff's uncompensated labor were used in constructing the matrimonial domicile on the land belonging to defendant on two (2) separate occasions.**

2. **The trial court erred in failing to address or partition all other properties belonging to the community despite plaintiff's filing an objection to the hearing officer's recommendation which omitted same.**

In her first assignment of error, Mary argues that the trial court erred in ruling she is due no reimbursement when community funds and her uncompensated labor were used in constructing the matrimonial domicile on land belonging to Eric. Louisiana Civil Code article 2366 states:

> If community property has been used during the existence of the community property regime or former community property has been used thereafter for the acquisition, use, improvement, or benefit of the separate property of a spouse, the other spouse is entitled to reimbursement for one-half of the amount or value that the community property had at the time it was used.

> Buildings, other constructions permanently attached to the ground, and plantings made on the separate property of a spouse with community property belong to the owner of the ground. The other spouse is entitled to reimbursement for one-half of the amount or value that the community property had at the time it was used.

The district court held that Mary failed to prove that community funds were used to improve Eric's separate parcel of land. The district court neither heard testimony nor received evidence in support of arguments on either side of the issue. Mary would be entitled to claim reimbursement for one-half of any community funds used to build the original or rebuild the marital domicile after the fire under Article 2366. *Brehm v. Brehm*, 00-201 (La. App. 5 Cir. 06/27/00), 762 So. 2d 1259, *writ denied*, 00-2286 (La.

10/27/00), 772 So. 2d 657.  Eric, in the pleadings, disputes any community funds were used to build the original residence or in its reconstruction.

When the original marital domicile perished in a fire, a dispute arose between the parties with regard to the funds paid out by the insurance company.  The insurance company issued a check payable to ***both*** Mary and Eric and these funds were used to rebuild the marital domicile on the same parcel of Eric's separate property.  Eric argues that, according to the principles of real subrogation, the insurance proceeds that were paid to compensate for the destruction of the original marital domicile are also his separate property.  Mary asserts, contrary to Eric's argument, that the check from the insurance company was made payable to both Mary and Eric.  Mary argues those insurance funds were community funds which were used to rebuild the residence, and therefore she is entitled to recover her interest in those funds as they were used to enhance Eric's separate property.

Mary also contends that she is owed reimbursement for her uncompensated labor in rebuilding the residence as her efforts increased the value of Eric's separate property.  According to Louisiana Civil Code article 2368, if the separate property of a spouse has increased in value as a result of the uncompensated common labor or industry of the spouses, the other spouse is entitled to be reimbursed from the spouse whose property has increased in value in the amount of one-half of the increase attributed to the common labor.  A claimant spouse has the burden to prove: (1) the property is separate; (2) the property increased in value; and (3) the increased value is based on the uncompensated labor of the spouses.  *Brehm*, *supra*.  Considering, as it appears from the record, there was no testimony taken or evidence adduced on this issue, we disagree with the district court's finding

4

that Mary is entitled to no reimbursement for her uncompensated or undercompensated labor. The appraisal recommended by the hearing officer may be a good place to start to determine the value of the current home as compared to the value utilized by the insurance company for the loss of the original home to fire. Mary argues her labor as well as additional community funds above the insurance proceeds were instrumental in rebuilding the residence and achieving its current enhanced value. Testimony and evidence are required to make such a determination.

In her second assignment of error, Mary contends that the trial court erred in failing to partition the remaining items of community property. Although there are references in the pleading to sworn detailed descriptive lists, there are no such lists filed in the record before this court. Whether there remain unpartitioned community assets or not is not something this court can determine from the record.

## CONCLUSION

For the reasons stated above, the district court's judgment is reversed and the case remanded for an evidentiary hearing at which time the district court can consider the detailed descriptive lists, testimony and evidence of the parties, and establish a value, if any, of any community funds used to rebuild the separate property residence of Eric, and to fix a value on any uncompensated labor of Mary devoted to the construction of the residence and partition the entirety of the community.

Costs are assessed to Defendant, Eric Sanders.

**REVERSED AND REMANDED**.